**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 30, 2021

VIA ECF
Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   United States v. Ralph Scurlock**
       **21 Cr. 489 (JPC)**

Dear Judge Cronan,

    We write to respectfully request that this Court refer this case for judicial reassignment.

    Title 28 of the United States Code Section 455(a) directs a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 18 U.S.C. § 455(a). This section does not require actual bias or partiality, but the appearance thereof by a reasonable observer. See Liljeberg v. Health Services Acq. Corp., 486 U.S. 847, 850 (1988) ("The goal of section 455(a) is to avoid even the appearance of partiality") (internal citations omitted); see also United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000); United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992).

    On August 16, 2021, at Mr. Scurlock's initial pretrial conference, the Court candidly explained its prior employment in the Department of Justice, including in the Criminal Division in Washington, D.C. and in the United States Attorney's Office for the Southern District of New York, the office currently prosecuting Mr. Scurlock. See Transcript 2-3 (attached as Exhibit A). The Court went on to note that, because Mr. Scurlock's indictment relates to charges from 2019, the Court was still employed at the Department of Justice at the time of Mr. Scurlock's alleged criminal conduct. See id. The Court also explained that it had a prior working relationship with the assigned Assistant United States Attorney on this case, Jane Chong, who was a "summer intern of [the Court's]" approximately eight or nine years ago. See id. at 4. The Court characterized Ms. Chong as "an excellent intern" and specified that the Court and Ms. Chong "stayed in contact over the years." Id. The Court further noted that it "may have served as a reference [for Ms. Chong] at some point." Id.

    The Court concluded: "I don't see any reason why I should not preside over this case but if any party thinks otherwise … make an application or motion within two weeks." Id. We do so here.

1

In an abundance of caution, and to avoid any danger that a reasonable person who was present for, or reviewed the transcript of, the initial conference in this case "would … conclude that the trial judge's impartiality could reasonably be questioned," see Lovaglia, 954 F.2d at 815, we ask the Court to exercise its discretion, see id., and have this case reassigned, given the unique circumstances presented here – specifically, the alleged conduct having taken place during the Court's tenure in the Criminal Division; the Court's professional history with the assigned A.U.S.A., including serving as a professional reference; and the Court's complimentary on-the-record comments regarding her.

Thank you for your consideration.

Respectfully submitted,

/s/
Sylvie Levine
Assistant Federal Defender
Counsel for Mr. Scurlock

The application for disqualification and reassignment is denied. Upon review of the applicable standards for judicial disqualification, including 28 U.S.C. 455, the undersigned concludes that his impartiality to preside over this case could not reasonably be questioned. In addition, as noted at the defendant's arraignment on August 16, 2021, the undersigned had no involvement in this matter during his prior work at the Department of Justice, including in any supervisory or consultation role, and has no knowledge of this case apart from the public filings and information provided by counsel at the arraignment.

SO ORDERED.

Date: September 1, 2021

New York, New York

_____
JOHN P. CRONAN
United States District Judge